

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 09-10047 (01) |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| WALTER S. CHASING HAWK, JR., a/k/a WALTER S. CHASING HAWK, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant entered a plea of guilty on November 22, 2010, to aggravated sexual abuse of a child as set forth in Count I of the superseding indictment. He appeared with counsel on December 14, 2010, for the presentence interview. At that time, he advised the U.S. Probation and Pretrial Services Officer that he did not agree with the factual basis statement and did not commit the crime detailed therein. Probation so advised me and I sent a memo to counsel on December 15, 2010, advising that the defendant should either move to withdraw his plea or proceed with the understanding that he will not receive the reduction for acceptance of responsibility. On January 7, 2011, defendant moved to withdraw his guilty plea.

Pursuant to Fed. R. Crim. P. 11(d)(2)(B) (formerly Rule 32(e)), a guilty plea may be withdrawn before sentencing if the defendant demonstrates a "fair and just reason" for the withdrawal. United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010).

> The district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion. The defendant bears the burden of showing fair and just grounds for withdrawal.

United States v. Mugan, 394 F.3d 1016, 1024 (8th Cir. 2005) (internal citations omitted). However, if the defendant fails to establish a fair and just reason for the withdrawal of his

guilty plea, the other factors need not be considered. United States v. De Oliveira, 623 F.3d at 596.

"A guilty plea is a solemn act not to be set aside lightly." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (*quoting* United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)). "Although a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, a defendant has no absolute right to withdraw a guilty plea before sentencing, and the decision to allow or deny the motion remains within the sound discretion of the trial court." United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001).

Defendant now contends that he is factually innocent of the charges and did not understand that he had to admit factual guilt to the probation officer in order to receive points for acceptance of responsibility. The defendant is mistaken in his thought that he had to admit factual guilt to the probation officer. He could have chosen to simply "stand" on his factual basis statement and say nothing to the officer. He, however, affirmatively denied his guilt and denied that the factual basis statement was, as he twice admitted under oath in open court, true and correct.

At the change of plea hearing on November 22, 2010, defendant pleaded guilty to a superseding information charging that he had, in 1999, engaged in a sexual act with Walter Chasing Hawk, III, a child who was under the age of 12. Defendant escaped the mandatory minimum 30 year sentence by pleading guilty to a pre-Adam Walsh offense.[1] He stated that he was pleading guilty because he hoped to get out of jail some day. When he was advised that, notwithstanding the guideline range that may apply, he could be sentenced to life imprisonment, he was somewhat hesitant.

---

[1]The Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, was enacted on July 27, 2006. Title II, § 206(a)(1) amended the penalty for a violation of 18 U.S.C. § 2241(c), which formerly required imprisonment for any term of years up to life, to require a mandatory minimum sentence of 30 years imprisonment.

Defendant was not hesitant, however, when he was asked about the factual basis statement. He stated "No" when asked whether there was anything in that statement that was not true. He stated "Yes" when asked if everything in that statement was true. He thus testified twice, while under oath, to facts that establish his factual guilt to the offense of having engaged in a sexual act with the victim. He also testified that he understood what was in the written factual basis statement before he signed it and that he had gone over it with his attorney before he signed it.

Defendant's misunderstanding of the application of the reduction for acceptance of responsibility, as set forth in his affidavit, is relevant only to the sentence he may receive. Defendant's "guilt and therefore his guilty plea were not undermined" by his claimed misunderstanding of what he had to do to qualify for the reduction for acceptance of responsibility. See United States v. Tucker, 419 F.3d 719, 721 (8th Cir. 2005). "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." United States v. Teeter, 561 F.3d 768, 770-71 (8th Cir.2009) (*quoting* United States v. Stuttley, 103 F.3d 684, 686 (8th Cir.1996)).

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 53, to withdraw plea is denied.

Dated this 26th day of January, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
(SEAL)

3